FASTRACK APPEAL
DELL, Judge.
Appellants, Elliott and Geryl Gittelmacher, filed suit to recover for water damage to their condominium unit that resulted from a broken water pipe in appellee’s unit. Before trial, appellee made an unqualified admission of liability. The jury awarded appellants damages. Appellants contend the trial court erred when it concluded that their action was based solely on negligence and denied their claim for attorney’s fees. We agree and reverse.
Appellants’ amended complaints alleged causes of action based upon negligence, violations of the declaration of condominium, and of sections 718.106 and 718.303. Based on appellee’s admission of liability, the parties agreed that the issues to be tried were the extent of appellants’ damages, appellants’ claim for attorney’s fees and whether appellants derived any salvage benefits from the contents. The trial court apparently concluded that a stricken provision in the pretrial stipulation limited appellants’ claim to a negligence action. The parties, however, acknowledged in their pretrial stipulation that this action is subject to the terms of the declaration of condominium. The declaration provides:
12.1 — An apartment owner shall be liable for the expense of any maintenance, repair or replacement rendered necessary by his negligence.
12.2 — In any proceeding arising because of an alleged failure of an apartment owner to comply with the terms of the Declaration of Condominium, the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorney’s fees as may be awarded by the court.
Additionally, section 718.303(1), Florida Statutes (1991) provides:
*238 Each unit owner and each association shall be governed by, and shall comply with the provisions of this chapter, the declaration, the documents creating the association, and the association bylaws. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
(a) ....
(b) A unit owner.
(c) ....
(d) ....
The prevailing party in any such action ... is entitled to recover reasonable attorney’s fees. This relief does not exclude other remedies provided by law.
We hold that appellants are entitled to an award of attorney’s fees under the declaration of condominium and section 718.303(1). Accordingly, we reverse the trial court’s order denying appellants’ claim for attorney’s fees and remand this cause to the trial court with instructions to award appellants attorney’s fees for the proceedings in the trial court in the stipulated amount of $15,687.50 and to determine and award a reasonable amount for the attorney’s fees incurred in this appeal.
REVERSED and REMANDED.
WARNER and POLEN, JJ., concur.